IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ORT, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 08-6041 |
| | : | |
| EDWARD RENDELL, Governor, | : | |
|     and | : | |
| CATHERINE C. McVEY, Chairperson | : | |
| | : | |
|     Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                             **March 26, 2009**

Pro se state prisoner James Ort claims that his denial of parole violated his Fourteenth Amendment due process rights and speculates that Governor Rendell's parole moratorium will preclude him from being considered for parole in 2009.  Because Ort has alleged no due process violation and the parole moratorium is irrelevant, I will dismiss his complaint without prejudice.

**I. BACKGROUND**

Ort is an inmate at SCI Waymart, serving a sentence for three crimes he committed in March 2006: simple assault, recklessly endangering another person and making terroristic threats.  Complaint ¶ 6.  Ort was eligible for parole in 2008, but was denied and told he would be re-considered in or after February 2009.  Id.; Plaintiff's Ex. 1.

Governor Rendell suspended the Parole Board's authority to parole on September

29, 2008. A few weeks later,[1] the moratorium was lifted for non-violent offenders. Complaint ¶ 14.  Ort speculates that he will be deemed a violent offender and not considered for parole this year.

Yet, according to Ort's own complaint, the Parole Board does not consider him a violent offender.  Plaintiff's complaint, Ex. 3 (Parole Moratorium Update stating "Attached is a complete list of violent offenses; anything not on this list is considered non-violent;" none of Ort's crimes is listed).

**II. DISCUSSION**

Defendants filed a motion to dismiss Ort's complaint because it fails to state a claim.[2]  As will be explained below, the motion is granted because Ort has alleged no due process violation and the parole moratorium is irrelevant to his parole status.[3]

---

[1] Specifically, the moratorium was lifted on October 20, 2008.  Although it is not part of the record in this case, it appears that Governor Rendell completely lifted the parole moratorium on December 1, 2008, thirty days before this case was filed.  See, e.g., "Pa. Parole board lifts ban," Regina Medina, PHILADELPHIA DAILY NEWS, Dec. 2, 2008 (*available at* http://www.philly.com/dailynews/local/20081202_Pa__Parole_board_lifts_ban.html).

[2] The standard for dismissal is certainty that no relief could be granted under any set of facts that could be proved consistent with the complaint's allegations.  Fed. R. Civ. P. 12(b)(6); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  In order to state a claim, the complaint must contain " 'enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.2008) (quoting Twombly, 127 S.Ct. at 1965).

[3] The motion to dismiss was filed on February 20, 2009 (Document #2).  On February 27, 2009, Mr. Ort filed a motion for an extension of time (Document #3) which was granted on March 4, 2009 (Document #5).  The order permitted Mr. Ort until March 13, 2009 to respond to

**A. The Parole Board's Denial of Parole Did Not Amount to a Due Process Violation**

Ort does not have a right - constitutional or inherent - to be paroled. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (quoting Meachum v. Fano, 427 U.S. 215, 224 (1976) which states "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty" therefore there is no liberty interest in being conditionally released before a valid sentence expires). Pennsylvania has not created a liberty interest in parole. Zuniga v. Pennsylvania Bd. of Probation and Parole, 2008 WL 4115143, 2 (M.D. Pa. 2008) (stating that "Pennsylvania law does not create a liberty interest in parole"). In the absence of any protected liberty interest in parole, therefore, the due process protection does not apply. See, e.g., Wright v. Cuyler, 517 F.Supp. 637, 640 (E.D. Pa. 1981)(citing Greenholtz, 442 U.S. at 11).

To the extent Ort asserts a substantive due process claim, that claim also is dismissed because "federal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision." Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002) (quoting Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001)). The basis for the parole board's decision was that "the interests of the Commonwealth will be injured if [Ort] were paroled." Complaint, Plaintiff's Ex. 1, Notice of Board Decision. This factual assessment

---

the defendants' motion, but the plaintiff has filed no response.

must be presumed correct under <u>Hunterson</u>, 308 F.3d at 250.  Therefore, Ort has stated no claim against Chairperson McVey.

**B. The Parole Moratorium is Irrelevant to Ort's Parole**

Ort may have a liberty interest, under Pennsylvania law, in the consideration of parole.  <u>Zuniga</u>, 2008 WL 4115143 at 2.  But his claim against Governor Rendell is based only on baseless speculation that he will be denied because he will be deemed a violent offender under the moratorium rubric.  Ort's own complaint, however, shows that the Parole Board does not consider him a violent offender.  Complaint, Plaintiff's Ex. 3.  None of the crimes for which Ort was convicted is on the Parole Board's list of violent offenses.  Therefore Ort has not stated a claim against Governor Rendell.

**C. There is no basis for a declaratory judgment because Ort is not a "prospective defendant"**

The Declaratory Judgment Act provides early adjudication to one uncertain of his rights before his adversary files suit and before damage is incurred.  In other words, declaratory judgments allow prospective defendants to establish their non-liability.  <u>Travelers Ins. Co. v. Davis</u>, 490 F.2d 536, 543 (3d Cir. 1974) (quoting <u>E. Edelmann & Co. v. Tripe-A Specialty Co.</u>, 88 F.2d 852, 854 (7th Cir. 1937) and stating that the "objectives of the Federal Declaratory Judgment Act are: . . . to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until

his adversary should see fit to begin suit, after damage had accrued"). Ort is not a prospective defendant. He is a plaintiff who asks this court to declare that his rights *were* violated. Complaint ¶ 1. Declaratory judgment is inappropriate for the conduct Ort seeks to adjudicate - the due process denial connected to his unfavorable parole decision - because that is *past* conduct. Corliss v. O'Brien, 2006 WL 2686644, 3 (3d Cir. 2006).

### III. CONCLUSION

Ort has alleged no claim: there is no due process violation arising from his parole denial, the parole moratorium is irrelevant to his case, and no claim falling within the ambit of the Declaratory Judgment Act has been stated. The complaint is dismissed without prejudice. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ORT, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-6041 |
| | : | |
| EDWARD RENDELL, Governor, | : | |
| and | : | |
| CATHERINE McVEY, Chairperson | : | |
| | : | |
| Defendants | : | |

**O R D E R**

**AND NOW**, this 26th day of March, 2009, upon consideration of Commonwealth defendants' motion to dismiss (Document #2), it is hereby ORDERED that the motion is **GRANTED**. Plaintiff's complaint is hereby dismissed without prejudice. This case shall be closed for statistical purposes.

BY THE COURT:

  /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.